**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ASTGHIK HAKOBYAN, | No. 08-72555 |
| Petitioner, | Agency No. A097-870-384 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011**

Before:    SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Astghik Hakobyan, a native of Iran and citizen of Armenia, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, Hakobyan's
request for oral argument is denied.

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Hakobyan's challenge to the IJ's denial of CAT relief, her claim based on nationality, and her contention that the IJ violated due process by failing to include the Department of State's country report in the administrative record, because she failed to exhaust these issues before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

The record does not compel the conclusion that Hakobyan's encounters with Armenian authorities rise to the level of persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006); *Prasad v. INS*, 47 F.3d 336, 339-40 (9th Cir. 1995) (being hit in the stomach, kicked from behind, and questioned during a brief six-hour detention did not compel a finding of persecution). Additionally, the record does not compel the conclusion that Hakobyan has a well-founded fear of future persecution. *See Gu*, 454 F.3d at 1022 (record did not compel finding a well-founded fear of persecution where the only evidence of any ongoing interest in petitioner after he left the country was that authorities sought to interview him without threatening him or his family in any way). Accordingly, Hakobyan's asylum claim fails.

Because Hakobyan failed to establish eligibility for asylum, she necessarily failed to meet the higher standard of eligibility for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**